**JEFFERSON WARD STORES, INC. and Jefferson Stores, Inc.**

v.

**The DOODY COMPANY**

v.

**HARFORD CONSTRUCTION CO., Sabra Construction Co., et al.,**

v.

**TURNER CONSTRUCTION CO., et al.,**

v.

**GEORGE H. DUROSS, INC., et al.**

**Civ. A. No. 82–5832.**

United States District Court, E.D. Pennsylvania.

June 26, 1984.

Russell Kelm, Schwartz, Shapiro, Kelm & Warren, Columbus, Ohio, for Doody Co., defendant and third-party plaintiff.

Henry S. Maurer, Jr., Philadelphia, Pa., for Harford Const. Co., third-party defendant.

**OPINION**

LUONGO, Chief Judge.

Jefferson Ward Stores and Jefferson Stores have sued the Doody Company for problems they are experiencing with the

resilient flooring which was installed in eleven of their retail stores reformatted by Doody. In an earlier opinion I denied defendant's Motion to Dismiss, Stay or Transfer this case. Since that time, many parties have been joined including third-party defendant Harford Construction Company which was employed by Doody as a general contractor in thirteen Jefferson Stores, several of which are the subject of this litigation. Harford has counterclaimed for monies due it under the contract with Doody for services performed at two stores in Wilmington, Delaware—$5,197.50 for additional electrical work and $11,500.00 for the rental of warehouse space for Doody, plus contractually specified legal interest. Currently before me is Harford's Motion for Summary Judgment on this counterclaim.

Summary judgment may be granted only if the record clearly establishes the existence of "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Initially Doody raised several issues of fact by denying all the allegations of Harford's counterclaim except that it did admit to having entered into an agreement with Harford for the two Delaware stores and that it was ultimately billed for the $16,697.50 at issue. In interrogatories, Harford requested that Doody provide the factual bases for its denials. Although Doody objected to the interrogatories, it also responded that at that time, it was unable to set forth the factual basis for these denials, without explaining the reason for its inability. Fed.R.Civ.P. 56(e). In these interrogatories Doody also challenged the authenticity and accuracy of the dates on Harford's letters which demanded payment of the amounts claimed.[1] The reason for this challenge was unexplained and unsupported.

Doody has failed to update its answers to interrogatories and has provided no support for its denials in its response to the summary judgment motion. In a telephone conference call, I inquired of counsel for Doody if further discovery was needed in order to provide appropriate support for its denials as required by Fed.R.Civ.P. 56(f) in light of the affidavit and letters submitted by Harford. Because Doody was unable to identify needed information or, in any other way, to support its denials, I find that there are no unresolved issues of fact.

Doody itself does not argue that issues of fact exist, but relies instead on the theory that since Harford's claim of money due arose from the same contract[2] as Doody's claim against Harford, Harford's claim should be treated as a set-off and summary judgment should be withheld until all claims are resolved. Doody has cited several cases in support of its position, all of which I find inapposite. Both the third circuit cases cited, *T.P.O. v. Federal Deposit Insurance Corp.*, 487 F.2d 131 (3d Cir.1973) and *Associated Hardware Supply Co. v. Big Wheel Distributing Co.*, 355 F.2d 114 (3d Cir.1964), dealt with situations in which the issue of fraud had been raised by the defendant. In these cases it was necessary to decide the same factual issue for the fraud claim and in order to determine the enforceability of the instrument or contract involved in the case. The Court of Appeals found that the district courts had failed to adequately address the issue raised by the fraud claim and therefore an issue of fact existed which barred the grant of summary judgment. This kind of situation does not exist in this case. Harford's claim for monies due under its construction contract with Doody involves none of the same fact issues involved in Doody's original claim that Harford is liable for damages resulting from its installation of the resilient flooring in plaintiffs' stores.

Doody's argument that its claim is a "set-off" which should bar Harford's recov-

---

1. I assume that this challenge relates to the date from which interest is to be assessed under the contract.

2. Harford characterizes the claims as arising from two independent contracts. While this presents an unresolved issue of fact, that issue is not material to the resolution of any of the claims in the case.

ery until all claims are adjudicated is more appropriately addressed to a motion for entry of final judgment pursuant to Fed.R. Civ.P. 54(b).[3] Harford has not requested that I enter final judgment and I, therefore, will not decide that issue at this time. The reasoning of the dispositive case on this issue, however, provides additional support for the granting of summary judgment on the counterclaim. In *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), the Supreme Court reversed the Third Circuit's refusal to affirm the entry of judgment on one of plaintiff's claims until all claims had been adjudicated. The Court held that the Third Circuit's interpretation of Rule 54(b) to allow the entry of judgment for one of multiple claims only in the "infrequent harsh case" was too restrictive. *Id.* at 9–10, 100 S.Ct. at 1465–1466. The Court also noted that the mere existence of a non-frivolous counterclaim did not render a Rule 54(b) judgment inappropriate. The significant factor was whether the counterclaim and the claim on which judgment was sought were interrelated or severable. The correct approach was for the district court to determine if there was any just cause for delay in entering judgment.

The Court held that the district court's evaluation of the situation in *Curtiss-Wright* had been reasonable. The district court had concluded that: the claims involved were separate and not interrelated; there was no chance that appellate review of the issue would be required twice; the issue could not be mooted by further developments in the case; both parties were financially sound; and therefore entry of judgment was appropriate. In the instant case, as in *Curtiss-Wright*, all these factors exist. Since the entry of final judgment would be appropriate despite the existence of a counterclaim, Doody's argument that this "set-off" should prevent the entry of summary judgment is of no weight.

Because no genuine issue of material fact exists on Harford's claim for payment for electrical work performed and warehouse rental, I will grant Harford's Motion for Summary Judgment on its counterclaim.

---

**3.** Fed.R.Civ.P. 54(b).

*Judgment Upon Multiple Claims or Involving Multiple Parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon a express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.