**POLO FASHIONS, INC.**

v.

**The HAVERFORD CORPORATION, et al.**

**Civ. A. No. 84–2937.**

United States District Court, E.D. Pennsylvania.

June 17, 1985.

Marc Sonnenfield, Philadelphia, Pa., for plaintiff.

George C. Brady, III, Conshohocken, Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff, Polo Fashions Inc. has brought suit against defendants for the amount owing on an unconditional promissory note executed in plaintiff's favor by corporate defendant, The Haverford Corporation ("THC"). The note was guaranteed by individual defendants Joseph Egan, III and Kenneth Smith. Now ripe for this court's consideration is plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff also moves this court to enter *final* judgment on its claim pursuant to Fed.R.Civ.P. 54(b). For the reasons set forth below, plaintiff's motions will be granted.

Under the terms of the note, THC was obligated to pay plaintiff $92,395.21 in twenty-four monthly installments, each such payment to become due the first day of each month commencing October 1, 1983. The first six monthly installments were to be in the amount of $3,000 each; the next seventeen installments were to be in the amount of $4,000 each; and, the balance was to be paid on September 1, 1985. In the event of default, the note provided for acceleration of any and all amounts due and payable, together with reasonable attorneys' fees incurred in enforcing payment thereof.

Under Rule 56, summary judgment may not be granted unless it can be shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Teamsters Pension Trust Fund v. Philadelphia Fruit Exchange*, 603 F.Supp. 877, 879 (E.D.Pa.1985). In this case, it is undisputed that THC is in default of its obligations under the note. In the answer to plaintiff's complaint, defendants admit this fact. Thus, there is no dispute as to the material facts. Consequently, the only question remaining is whether plaintiff is entitled to judgment as a matter of law.

■ Defendants have asserted a counterclaim against plaintiff for tortious interference with contract. They attempt to use this counterclaim to shield themselves from liability under the note. In support of this position, they claim that THC defaulted on the note because of plaintiff's tortious interference with a contract that THC had with one of its suppliers. More specifically, they claim that but for plaintiff's interference, the default would not have occurred. The record before this court, however, clearly demonstrates that plaintiff's claim and defendants' counterclaim arise from separate and unrelated transactions or occurrences.

Defendants have admitted that THC failed to make the monthly payments due under the note on February 1, 1984 and March 1, 1984. Thus, THC was admittedly in default in early February, 1984. Taking the allegations set forth in defendants' counterclaim as true, plaintiff's tortious interference with a contract between THC and another entity, not a party to this action, did not occur until sometime after March 16, 1984. *See* Defendants' answer at ¶¶ 21–26. Thus, any alleged tortious interference could not have caused the precedent default. Defendants have not pointed to any circumstances which would excuse their performance under the note.[1] Thus, plaintiff is entitled to judgment on its complaint as a matter of law. Accordingly, its Rule 56 motion will be granted.

■ I turn now to plaintiff's motion for entry of final judgment pursuant to Rule 54(b). That rule provides in pertinent part:

When more than one claim for relief is presented in an action, whether as a

---

1. While admitting default in their answer, the defendants also denied liability for the default in their counterclaim. After conference with counsel at which these points were addressed, this court gave defendants fifteen days in which to submit affidavits containing the factual basis for their denial of liability. *See Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1982) ("an adverse party may not rest upon the mere allegations or denials of his pleadings") (quoting Fed. R.Civ.P. 56(e) ). No affidavits were submitted within the prescribed time.

claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). The above quoted language has been interpreted by the Supreme Court three times. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). In the most recent of these cases, *Curtiss-Wright Corp. v. General Electric Co., supra*, Chief Justice Burger, writing for an unanimous court, reversed the Third Circuit's refusal to affirm the entry of judgment on one of the plaintiff's claims until all claims had been adjudicated. The court held that the Third Circuit's interpretation of Rule 54(b) to allow the entry of judgment for one of multiple claims only in the "infrequent harsh case" was too restrictive. 446 U.S. at 9–10, 100 S.Ct. at 1465–1466. It was also noted that the mere existence of a non-frivolous counterclaim did not render a Rule 54(b) judgment inappropriate.

As recognized by Chief Judge Luongo in a post *Curtiss-Wright* Rule 54(b) case, "[t]he significant factor [in *Curtiss-Wright*] was whether the counterclaim and the claim on which judgment was sought were interrelated or severable. The correct approach was for the district court to determine if there was any just cause for delay in entering judgment." *Jefferson Ward Stores v. Doody Co.*, 102 F.R.D. 257, 259 (E.D.Pa.1984).

The Supreme Court held that the district court's evaluation of the situation in *Curtiss-Wright* had been reasonable. As also noted by Chief Judge Luongo, the *Curtiss-Wright* district court had concluded that: "the claims involved were separate and not interrelated; there was no chance that appellate review of the issue would be required twice; the issue could not be mooted by further developments in the case; both parties were financially sound; and, therefore entry of judgment was appropriate." *Id.*

In the instant case, as in *Curtiss-Wright*, the claims involved are easily severable. Thus, there is no chance of double appellate review of the same issue. Similarly, the issue on which judgment is to be entered, whether defendants have defaulted on their obligations under the note, will not be mooted by further developments in this case. Moreover, neither plaintiff nor defendants have questioned the financial vitality of any party to this action. Accordingly, I find that there is no just reason for delay in entering judgment for plaintiff against defendants.