412 A.2d 464

**Virginia PULLI, Appellant,**

**v.**

**WARREN NATIONAL BANK, Executor under the Will of the Estate of Franklin R. Henry, deceased, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1979.

Decided June 1, 1979.

Richard A. Leuthold, Warren, for appellant.

G. Donald Gerlach, Robert W. Watson, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Appellant, Virginia Pulli [Pulli] filed a complaint in the Orphans' Court Division of the Court of Common Pleas of Warren County in April 1977 seeking money damages from

the Estate of Franklin R. Henry, deceased, for failure of the decedent to devise certain realty to her and to make other bequests in her favor in his last will and testament as he had orally promised during his lifetime.

After the pleadings were closed, the Estate moved for judgment in its favor on the pleadings. Later, the court filed an adjudication and decree nisi granting the motion. Exceptions to the decree nisi were later dismissed, and a final decree was entered in favor of the Estate, Pulli filed this appeal.

Since the case is before us on the pleadings, for the purpose of review, we must accept as true the factual allegations of Pulli's complaint. *Nicolella v. Palmer*, 432 Pa. 502, 248 A.2d 20 (1968). Pulli was employed by decedent as a housekeeper for wages. During September 1967, the decedent made a further offer of employment in which he promised that, if Pulli would become his housekeeper in residence, go with him to his second residence in Texas, take care of him until he died, and help him with his alcoholism, then he would provide for her financially so that she would never have to work again. Pulli accepted this offer and performed the duties outlined by decedent. In May 1972, over five years later, decedent told Pulli he would arrange by his will for her to receive his residence property in Texas; a life estate in his Pennsylvania residence, surrounding grounds and contents; and, an annual income sufficient for her to live comfortably in the two homes for the rest of her life. Late in June 1973, decedent directed Pulli to check with his attorney to see that all necessary steps had been taken to effectuate the plans, and Pulli learned no steps had been taken. On July 10, 1973, Pulli, decedent, and decedent's attorney met, and the attorney was directed to prepare a will substantially in accord with decedent's promises. Decedent died on July 26, 1973, without having signed the will. Pulli did receive and accept a bequest of twenty-five thousand ($25,000) dollars under the terms of a will by decedent dated May 1968.

It further appears in the pleadings that in November 1973, Pulli filed a complaint in equity against the executor of the decedent's estate and three testamentary heirs of the decedent seeking specific performance of the contract she allegedly entered with the decedent. In that case, preliminary objections by the defendants in the nature of a demurrer were sustained. The court held Pulli had not stated a cause of action because the contract she alleged was within the Statute of Frauds. This Court affirmed per curiam. *Pulli v. Warren National Bank, Peterson, Elliott & Elliott,* 470 Pa. 159, 367 A.2d 1090 (1977). It is also conceded in the pleadings that the facts in the present action are the same plead in the prior action.

■ Pulli is estopped from seeking damages pursuant to a contract with decedent because the final decree in her former action conclusively established the oral contract, if it existed, was within the Statute of Frauds and, therefore, unenforceable. See Restatement, Judgments § 70 (Supp. 1948); see also Restatement (Second), Judgments §§ 68, 68.1 (Tent.Draft No. 1, 1973). In both the adjudication and final decree in the former action, the judge suggested to Pulli that her remedy was a quantum meruit claim against the estate for the value of the services she performed.[1] The crucial issue is whether Pulli has plead a legally sufficient claim in quantum meruit. We rule she has not.

■ The basis of an action seeking restitution is that one party has been unjustly enriched at the expense of another. Restatement, Restitution § 1 (1937). When an employee seeks restitution for the value of the services performed, the measure of damages is the reasonable value of the employee's services. See *In re Davies Estate,* 289 Pa. 579, 137 A. 728 (1927); *Baumgardner v. Burnham,* 93 Pa. 88 (1880). Damages in quantum meruit for the reasonable value of services must be specially pleaded. See *Murphy v.*

1. Pulli has cited *Zawada v. Pennsylvania System Board of Adjustment,* 392 Pa. 207, 140 A.2d 335 (1958), and *Bassis v. Rutenberg,* 177 Pa.Super. 339, 110 A.2d 897 (1955), as authority for her right to bring this new action. Thus, she has characterized the instant complaint as one in the nature of quantum meruit.

*Taylor*, 173 Pa. 317, 33 A. 1041 (1896); *Huey v. Newcomer*, 7 Pa.D. & C.2d 67 (Fayette 1956); *Lenker v. Thayer*, 3 Pa.D. & C.2d 117 (Dauphin 1955); Pa.R.Civ.P. 1019(f).

■ Instantly, Pulli has not plead the reasonable value of her services. Instead, she has translated the value of the decedent's unenforceable oral promises to devise real estate and to bequeath income to her to an equivalent monetary figure, and she now claims that sum as the value of her services. She admits in her pleadings that decedent paid to her, and she accepted, increasing wages during the period from September 1967 to July 1973; that decedent bought her some clothing; that she received a ten thousand ($10,-000) dollar gift; and, that she paid no rent or board to the decedent.

A review of Pulli's pleadings reveals no allegation that she has not received reasonable compensation for her services. Instead, she is clearly claiming the monetary value of property and income promised her by the decedent based on a contract which has previously been found unenforceable. Therefore, the trial court's decree must be affirmed. It is so ordered.

Each side to pay own costs.