450 A.2d 647

**Louis J. TODORA, Peter A. Kuzma, Jack V. Rivetti and Leaman Young, in their own Right and on Behalf of Every other person Similarly Situated, Comprising a Class, Appellants,**

v.

**JONES & LAUGHLIN STEEL CORPORATION.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed March 12, 1982.

Reargument Denied June 28, 1982.

Petition for Allowance of Appeal
Denied Nov. 16, 1982.

214

Alan Frank, Pittsburgh, for appellants.

Anthony J. Polito, Pittsburgh, for appellee.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

MONTGOMERY, Judge:

The Plaintiff-Appellants filed the instant appeal following the dismissal of their Complaint by the lower court. The Appellants commenced their action in October, 1976 as a class action in trespass, and subsequently filed three Amended Complaints. The third and final Amended Complaint stated an action in assumpsit. It was filed in June, 1978. Thereafter, the Appellants filed a Motion for Certification of the action as a class action. The lower court conducted a hearing on the motion on July 23, 1980. By an Order dated September 15, 1980, the lower court entered a final order not only denying the Motion for Certification, but also dismissing the Amended Complaint on the basis that the Appellants had not filed their action within the applicable statutory period of limitations. On this appeal, the Appellants contest the lower court's action dismissing their claims, but do not challenge that part of the lower court order which denied their Motion for Certification of the case as a class action.

The Appellants were all former salaried employees of the Defendant-Appellee Jones & Laughlin Steel Corporation.

Their final Amended Complaint asserted that they each performed services for the Appellee in excess of forty hours per week, while they were only paid for forty hours per week. In the first count, the Appellants averred that they had a right to recover damages as a result of such extra employment based upon the theory of "implied agreement". More particularly, they alleged that they had been expressly requested by superiors to perform extra work, and in such circumstances, the Appellee impliedly agreed to compensate them in a reasonable amount for performing such services. In a second count, the Appellants advanced a similar claim on a theory of unjust enrichment. That is, they claimed that the Appellee, in requesting and receiving extra services from them, either expected or should have expected to compensate them for the benefits of the extra services rendered. Thus, Appellants averred that the Appellee was obligated to pay them the fair market value of the alleged extra services performed.[1]

The Appellee filed an Answer to the Third Amended Complaint, and also advanced New Matter. In addition, the Appellee set forth a third section in its response, which it captioned "Other Defenses". Under that heading, the Appellee raised the contention that some or all of the named Plaintiffs were barred from proceeding to recover wages because of the exclusivity of and/or time limitations provided in the Wage Payment and Collection Law.[2]

This case was handled by Judge Silvestri in the lower court. In dismissing the claims of the named Plaintiffs, he accepted the Appellee's contentions regarding the Wage Law. More specifically, he held that the Plaintiff-Appellants had no justiciable claims because none had been em-

1. Of course, their final Amended Complaint also included allegations supporting the request that they be granted the right to proceed as a class, representing themselves and all other individuals similarly situated. As noted earlier, the denial of class certification is not raised as an issue on this appeal.

2. Act of July 14, 1961, P.L. 637, § 1, *et seq.*, 43 P.S. 260.1, *et seq.*

ployed by the Appellee during a three year period of limitations immediately preceeding the filing of suit. In support of that rationale, he cited for authority his earlier decision in the case of *Haft v. United States Steel,* 129 P.L.J. 1 (Alleg. Co. 1980).

The *Haft* case, involving a factual setting similar to the instant case, is presently pending on appeal before another panel of this Court.[3] Because the *Haft* appeal presents other issues, this Court exercises its discretion to initially examine the issue of the application of Wage Payment and Collection Law in the factual setting of the instant case. However, because Judge Silvestri relied wholly upon his earlier decision and reasoning in *Haft* to dispose of this case, we must consider the *Haft* situation and holding in some detail here.

In *Haft,* as in the instant case, a group of salaried foremen sued their steel company employer for "damages" for hours of work for which they had allegedly not been compensated. Unlike the instant case, the group of plaintiffs in *Haft* included not only former employees, but also some individuals still employed at the time suit was entered. The named plaintiffs in *Haft* also sought to represent a class composed of all other similarly situated foremen, and Judge Silvestri heard evidence regarding the question of whether a class action certification should be issued.

Judge Silvestri refused to certify the class in *Haft.*[4] Further, he ruled that the claims of the named plaintiffs should be limited to those which arose during a three year period prior to the commencement of the suit. In reaching that conclusion, he reasoned: (1) that the claims raised by the plaintiffs had to be regarded as claims for "wages"; (2) that the Wage Payment and Collection Law was the exclusive remedy provided for collection of wages in our Common-

**3.** No. 1003 Pittsburgh, 1980 [J–887 (1981)].

**4.** Unlike the instant case, the lower court's denial of class certification is raised as an issue on appeal before this Court in *Haft.*

wealth; and (3) that the three year statute of limitations set forth therein was applicable to the plaintiffs' claims.[5]

█ It appears most logical that we initially examine the issue of whether Judge Silvestri was correct in holding that the Wage Payment and Collection Law is the exclusive remedy provided for the collection of wages in our Commonwealth. If we were to agree with Judge Silvestri on that point, we would then merely have to decide whether the Plaintiff-Appellants sought "wages", as that term is broadly defined in the Act,[6] and if so, whether their action was instituted within the period of limitations permitted by the Statute.

We have given careful consideration to the question of exclusivity and find that we cannot agree with the conclusions reached by the lower court. Rather, our analysis leads us to the clear conclusion that the lower court was not correct in its holding that the Wage Payment and Collection Law provides the exclusive remedy for a plaintiff seeking to collect unpaid "wages" in our Commonwealth.

Any consideration of this issue must begin with the statute itself. A detailed review of the Wage Law discloses no language which either expressly or impliedly states or suggests a legislative intent that the Act provide the exclusive remedy or procedure for collecting past due "wages" as that term is defined by the Act. Such a significant legislative intent could be and should be clearly set forth in a statute, when desired by the drafters of our laws. An example of

5. The three year statute of limitations is set forth in Section 9.1(g) [43 P.S. § 260.9a(g)] of the Law, which provides that: "No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which *such wages were due and payable....*"

6. The Wage Payment and Collection Law, in Section 2.1a, [43 P.S. § 260.2a] defines "wages" and states: " 'Wages' includes all earnings of an employe, regardless of whether determined on time, task, piece, commission or other method of calculation. The term 'wages' also includes fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employes' pay by the employer."

such legislation which comes quickly to mind is the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. 1, § 101 *et seq.,* 77 P.S. § 1, *et seq.,* as amended several times. That statute, like the legislation under consideration in the instant case, was enacted to provide remedies to protect individuals from adverse consequences arising in the course of employment, and is therefore highly appropriate for purposes of comparison. In Section 1, last amended December 5, 1974, P.L. 782, No. 263, 77 P.S. § 1, the legislature specified that the Workmen's Compensation Act should "... apply to *all injuries* occurring within this Commonwealth...."[7] (emphasis added). It would have been easy for the drafters of the Wage Payment and Collection Law to have included similar phrasing denoting a clear legislative intent that the statute provide the exclusive remedy in our Commonwealth for an individual seeking to recover "wages". The absence of such language is significant. We must construe the words of the Wage Statute as they appear, and there is certainly no language in the entire Act suggesting the exclusivity of coverage found to exist by the lower court.

One additional reference to the words of the Wage Law strengthens our conclusion regarding the absence of a legislative intent to create an exclusive remedy in its provisions. As noted earlier, Section 9.1(g) is the clause which sets forth a period of limitations. It declares that no proceeding or action is to be instituted "... under the provisions of this act..." more than three years after the date on which such wages were due and payable. The legislature's use of the words we have italicized above indicates clearly to us a recognition that wage claims might still be asserted *other than* "under the provisions of" that Act. Thus, the specific words used in the Wage Law itself further support a conclusion opposite of that reached by the lower court.

In this analysis, we also cannot ignore the history of litigation in our Commonwealth since the enactment of the

7. Prior versions of the same section used similar language in stating the coverage of the Act.

Wage Payment and Collection Law over twenty (20) years ago. It would appear from the dearth of reported decisions, both from our appellate and lower courts, that the Wage Law has been the subject of infrequent use by litigants in our courts. During the same long period, our Commonwealth's courts have entertained scores, if not thousands of cases brought by individuals, seeking remuneration for services performed, which were not filed pursuant to the provisions of the Wage Payment and Collection Law. In the relatively recent case of *Pulli v. Warren National Bank,* 488 Pa. 194, 412 A.2d 464 (1979), our Supreme Court noted that one could collect for the reasonable value of services performed for another by specially pleading for the same in an action based on a theory of quantum meruit. This history leads to two separate conclusions. First, if it had intended that the Wage Payment and Collection Law provide the sole and exclusive remedy for individuals seeking wages, the legislature would have seen fit to enact changes in the Act to make such intent clear, in view of the experience of the abundance of litigation based upon different grounds brought by individuals seeking to recover such wages after the passage of the 1961 Wage Law. Second, in light of the number of such cases which were brought, it could have been expected that at least one court, and certainly our Supreme Court, would have long ago recognized the exclusivity of the Wage Law and dismissed claims not raised under its provisions, if such exclusivity were intended. The fact that no court reached such a conclusion in over twenty (20) years of litigation leads one to strongly question the holding of the lower court on that point.

We also believe that the application of fundamental principles of statutory construction would preclude us from reaching the same finding as the lower court in this instance. It is well-established that one has a right arising from the common law to recover, in assumpsit, for services performed for another at his request. See *Roberts v. Swift,* 1 Yeates 209, 1 Am. Dec. 295 (1793). Our Supreme Court has held that in the absence of an *express declaration,* the

law presumes that a statute is not intended to change the common law. See *Buradus v. General Cement Products Co.,* 159 Pa. Superior Ct. 501, 48 A.2d 883 (1946) [especially the discussion therein at footnote 1], decision affirmed at 356 Pa. 349, 52 A.2d 205 (1947); *Szilagyi v. City of Bethlehem,* 312 Pa. 260, 167 A. 782 (1933). Since there is obviously no express declaration in the Wage Law that it was intended by its drafters to change or supplant any common law right of action, we are required to presume the absence of any such change.

The maxim of construction relied upon above should not be confused with the rule that statutes in derogation of the common law, enacted finally after September 1, 1937, are to be liberally construed. See Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1928. Even a liberal construction of the 1961 Wage Payment and Collection Law does not yield any conclusion favoring a finding that it comprises the sole and exclusive remedy for one seeking compensation for work performed in Pennsylvania. In fact, quite the opposite is true. In footnote 6, *supra,* we set forth the extremely broad definition of the term "wages" in the Law. As noted, the definition covers all earnings of an employee, including those determined by the task performed. The term "Employer" is also broadly defined in § 2.1, and includes: ". . . every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." Since we are required by statute to grant these definitions a liberal construction, the tremendous impact and far-reaching implications of Judge Silvestri's holding on our existing law becomes readily evident. If valid, that holding would, among other results, virtually eliminate the well-established statutes of limitations in a wide variety of assumpsit and other types of cases where wages were claimed.[8] For example, the Wage Payment and Collection

8. In further proceedings in this case, the lower court may well be faced with the question of whether a six year or four year statute of

Law could be asserted to cover a situation where one enters a written contract to have another perform any service for him in our Commonwealth. Under the lower court's exclusivity holding and the mandate that the Statute in issue be liberally construed, all such disputes would be governed by a "new" [9] statute of limitations of only three years. Clearly, such a result was never intended by the legislature.[10]

Our holding regarding the issue of exclusivity makes it unnecessary to discuss the other conclusions reached by Judge Silvestri regarding the Wage Payment and Collection Law. As discussed earlier, the Appellants have not appealed the lower court's denial of class action certification.[11] We

limitations applies. See the Act of March 27, 1713, 12 P.S. § 31 and see and compare 42 Pa.C.S.A. §§ 5525 and 5527.

**9.** Albeit, unrecognized by any other court since 1961.

**10.** Of course the applicable statutes of limitations are not the only difference between a standard assumpsit action and one initiated pursuant to the provisions of the Wage Payment and Collection Law. If that Act provided nothing other than a shorter statute of limitations, it would be unlikely that its coverage would ever be sought by a wage claimant. As is evident from even a cursory review of the Act's provisions, the legislature obviously created more than a different statute of limitations in the passage of that legislation. Among the many beneficial provisions of the Law we note provisions allowing for: (1) an employee or employees to designate an agent to maintain an action on his or their behalf [§ 9.1(b); 43 P.S. § 260.-9a(b)]; (2) an action to be instituted by the employees' labor organization [9.1(b); 43 P.S. § 260.9a(b)]; (3) the claim to be reported to the Secretary of Labor and Industry, who may in turn pursue the claim on behalf of the employee or employees [§ 9.1(c); 43 P.S. § 260.9a(c)]; (4) the Secretary of Labor and Industry to pursue collection of penalties if payment of the claim is delayed, or to require bond or security to be posted by the employer for the total amount of the claim [§ 9.1(f) and § 7; 43 P.S. §§ 260.9a(f) and 260.10] .It is clear that in the enactment of this Law, the legislature provided for more than a mere change in the time limit for filing a claim for unpaid wages. Rather, in establishing a shorter period of limitations, the drafters of this Act merely indicated an intent that litigants seeking the unusual benefits of its provisions file their claims under the Act in a more prompt manner than is permitted in the more common assumpsit action.

**11.** Of course, since the denial of class certification was not timely raised on this appeal, further consideration of that part of the lower court's order is now foreclosed.

must remand this case to the lower court for further proceedings, but do so with the specific note that our decision should not be construed in any way as a commentary regarding the validity or invalidity of the other procedural or substantive claims raised below by the Appellants.

Reversed [12] and remanded to the lower court for further proceedings. Jurisdiction is not retained.

---

**12.** We would feel neglectful if we failed to note that the reversal in this case did not result from capable efforts by the Appellants' attorneys, but rather from our own concern regarding the merits for the exclusivity issue, which was barely raised by Appellants' counsel. The briefing efforts by Appellants' counsel can only be described as inferior.