Matthew **BARNHART** and Donald **McLean, Appellants,**

v.

**COMPUGRAPHIC CORPORATION, Appellee.**

No. 90–1698.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 12(6) Feb. 6, 1991.

Decided June 12, 1991.

Howard G. Silverman, Kane & Silverman, P.C., Philadelphia, Pa., for appellants.

Craig E. Zeigler, Montgomery, McCracken, Walker & Rhodes, Philadelphia, Pa., for appellee.

Before MANSMANN, SCIRICA and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr.,
Senior Circuit Judge.

This case presents the appeal of the district court's order and judgment dated July 23, 1990 which denied appellants' motion for an award of reasonable attorney's fees and costs. The questions for decision before us are 1) whether the finding of a good faith dispute under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa.Stat.Ann. tit. 43, §§ 260.-9, 260.10 et seq. (Purdon 1964 & Supp. 1990), precludes a debtor from collecting attorney's fees when that debtor has been awarded damages for past due wages; and 2) whether appellants have complied with Fed.R.Civ.P. 52(a) and 59(e) and Rule 20(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Because we believe that the district court improperly interpreted the Pennsylvania Wage Payment and Collection Law ("WPCL") on the issue of attorney's fees and costs, and because we believe that the plaintiffs below complied with the applicable procedural rules, we will reverse.

I.

Plaintiffs-appellants, Matthew Barnhart and Donald McLean, were employed as sales representatives by defendant-appellee, Compugraphic Corporation ("Compugraphic") until the fall of 1988.[1] On August 5, 1988, the appellants were laid off from the company. Both parties agree that the plaintiffs were laid off due to "poor business conditions and lack of cash flow" at Compugraphic, and not because of the plaintiffs' deficient performance. On November 2, 1988, the plaintiffs filed a complaint against Compugraphic, and sought recovery of commissions for sales which they made prior to their layoffs, but which were not shipped until after their lay offs.

The district court granted a judgment in favor of the employees for past due wages on November 2, 1989. The district court reasoned that since plaintiffs "did most of the work associated with these orders," they were entitled to a percentage of the commissions received. App. at 8. The court also found "that there was a good faith dispute between Compugraphic and the plaintiffs on the issues litigated...." Pursuant to this finding, the court made no award for liquidated damages under the WPCL.[2] The district court did not address the attorney's fees petition, but indicated that plaintiffs could file for attorney's fees at the completion of the appellate process. In a Judgment Order dated June 5, 1990, this court affirmed the judgment of the district court. App. at 38–39.

Thereafter, on July 9, 1990, plaintiffs filed a supplemental petition for attorney's fees and costs pursuant to the WPCL. This petition incorporated the original petition which had been filed with the district court prior to its decision issued on November 2, 1989. On July 23, 1990, the district court denied plaintiffs' petition for reasonable attorney's fees and costs, which was based upon the WPCL, on the ground that the existence of a good faith dispute between the plaintiffs and Compugraphic barred plaintiffs' cause of action under the WPCL.

On August 1, 1990, the plaintiff-appellants filed a motion to alter or amend the district court's judgment. The district court denied the motion on September 7, 1990. On the same day, the appellants filed a second motion to alter or amend the judgment. This motion was also denied on September 18, 1990. Subsequently, the

---

**1.** Plaintiff McLean began his employment with Compugraphic in October of 1984, and plaintiff Barnhart began his employment in August of 1985.

**2.** Title 43 Pa.Stat. § 260.10 contains the liquidated damages provision of the Pennsylvania Wage Payment and Collection Law. This provision allows employees who have prevailed on their claims for past-due wages to collect an additional amount in damages "equal to twenty-five (25%) of the total amount of wages due ..." if the wages remain unpaid for a period of thirty or sixty days. The appropriate period depends on whether the employee received payment on a scheduled or unscheduled basis.

plaintiffs filed this appeal.[3]

Jurisdiction was proper in the district court pursuant to 28 U.S.C. § 1332. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

## II.

There are two issues before this court on appeal. We must decide whether a finding of a good faith dispute between an employee and employer precludes an award of reasonable attorney's fees and costs under the WPCL for an employee who has already prevailed on a claim for past due wages. This is an issue of first impression in the federal court, and we have been cited to only one Common Pleas Court decision in the Pennsylvania courts. *See Gingrich v. City of Lebanon,* 9 Lebanon Co. Legal Journal, 335, 339–340 (C.P. Lebanon Co. 1963).[4] Since this issue has not been decided by the Supreme Court of Pennsylvania, we are obligated to predict how that court would decide this issue. *Erie Castings Co. v. Grinding Supply, Inc.,* 736 F.2d 99, 100 (3d Cir.1984).

We must also determine whether the plaintiffs properly pled their case in accordance with the applicable rules of procedure.

We will exercise plenary review of the district court's interpretation of the WPCL, and of its decision regarding the plaintiffs-appellants' compliance with the procedural rules.

■ Generally, the prevailing plaintiff is not entitled *per se* to attorney's fees and costs from a defendant. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247–250, 95 S.Ct. 1612, 1616–1618, 44 L.Ed.2d 141 (1975). However, if a statute authorizes recovery, a prevailing party may recover attorney's fees. *Id.* at 247, 95 S.Ct. at 1616. The court below held in

favor of Compugraphic and determined that the Pennsylvania WPCL does not authorize a prevailing employee whose employer has, in good faith, denied plaintiff wages to seek attorney's fees. The appellee, Compugraphic, argues that the liquidated damages statute, 43 Pa.Stat.Ann. § 260.10, intended to provide some guidance on the issue of attorney's fees despite the fact that it does not explicitly mention attorney's fees. According to Compugraphic, since the statute requires payment of wages and damages if the employer does not have a good faith reason for not paying previously, it indicates that a showing of bad faith is necessary before a plaintiff can file a claim for attorney's fees and costs. However, a careful analysis of the WPCL indicates that a finding of a good faith dispute between an employer and an employee should not preclude a plaintiff from filing a claim for attorney's fees and costs. 43 Pa.Stat.Ann. § 260.9a(f) expressly authorizes the payment of reasonable attorney's fees and costs for any action brought pursuant to the statute. Conversely, the liquidated damages statute, § 260.10, does not mention attorney's fees at all. The liquidated damages statute is essentially a penalty provision aimed at deterring employers who, in bad faith, withhold legitimate payment to its employees—it is not applicable to the issue of attorney's fees. The good faith/bad faith issue relates to the liquidated damages provisions under § 260.10 which stands separately from the issue of attorney's fees and costs. Generally, the purpose underlying the WPCL is to protect employees, and to remove some of the obstacles to litigation facing many employees. Pa.Stat.Ann. tit. 43 § 260.1. *Compare, Todora v. Jones,* 304 Pa.Super. 213 at 215, 450 A.2d 647 at 649 (1982) (Pennsylvania WPCL is not the sole basis of recovery for an employee who

---

**3.** On appeal, neither the plaintiffs nor Compugraphic challenge the district court's finding of a good faith dispute between plaintiffs and Compugraphic, or the district court's refusal to grant liquidated damages pursuant to the WPCL.

**4.** In *Todora v. Jones & Laughlin Steel Corp.,* 304 Pa.Super. 213, 450 A.2d 647, 649 (1982), a Pennsylvania court observed "that the Wage Law has been the subject of infrequent use by litigants in our courts" thus resulting in a "dearth of reported decisions, both from our appellate and lower courts."

has not been paid wages due).[5] Regardless of whether or not an employer exercised good faith in impermissibly withholding wages, an employee may be deterred from filing suit because of exorbitant legal costs. Therefore, the good faith/bad faith inquiry is not relevant to the issue of attorney's fees in cases involving the award of compensatory damages. Although we do not compel trial courts to grant aggrieved plaintiffs, who are entitled to past due wages under the WPCL, attorney's fees and costs, we hold that a finding of good faith on behalf of the employer does not preclude the plaintiffs from seeking an award of attorney's fees.

There are a few cases which provide guidance regarding the award of attorney's fees under the WPCL, though we have found no case which is directly on point.

As noted previously, we must be primarily guided by state law when interpreting the WPCL. The Lebanon County Court of Common Pleas is the only Pennsylvania court to consider the award of attorney's fees under this statute. *Gingrich v. City of Lebanon*, 9 Lebanon Co. Legal Journal, at 335. In *Gingrich*, the court awarded attorney's fees to a plaintiff who had prevailed on a claim for wages, but had not prevailed on a claim for liquidated damages. *Id.* at 339–40.

In the absence of additional guidance from the state courts, it is helpful to consider other relevant federal cases from our circuit. This court's opinion in *Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279 (3d Cir.1983), is particularly instructive. In *Carpenters*, this court considered the defendant's appeal from a district court judgment finding their company liable for delinquent fringe benefit contributions under § 301 of the Labor Management Relations Act of 1947 ("LMRA") and under § 260.10 of the Pennsylvania WPCL. The district court in *Carpenters* acknowledged the defendant's good faith in failing

to pay the required contributions. The court noted the following:

> ... [T]he defendants' failure to pay the required contributions into the union welfare fund was not, in any sense, a deliberate and intentional "refusal to honor their promises to pay" or "contemptuous disregard of an obligation," as plaintiffs now contend. Rather, they failed to pay for the best of all possible reasons: They did not have the money. More importantly still, the reason the defendants were unable to pay was because the firms with which they contracted ... were financially irresponsible and failed to pay the defendants.

*Carpenters*, 727 F.2d at 285. Despite the apparent good faith of the defendants, the court below determined that attorney's fees could be assessed against the defendants. However, the district court adjusted the attorney's fee award such that it was assessed against the company only and not against the defendants as individual officers of the company. This court affirmed the district court's judgment, but assessed attorney's fees against both the company and against the individuals as officers of the company. This court noted that despite the financial difficulties faced by the defendants, they were not the only victims.

> Other victims include the working men and women who expended their labor for the Ambroses [defendants] and were entitled to the pension and related benefits under the union contract. Other, though perhaps less obvious, victims are the plaintiffs' health and welfare funds, which are entities legally separate from the Union, entitled to the money contractually due them to meet their statutory and fiduciary obligations to the members of the Union.

*Id.* at 286.

Further support for the award of attorney's fees in the case at bar is found in *Teamsters Pension Fund of Philadelphia and Vicinity v. Philadelphia Fruit Ex-*

---

**5.** This court has also attempted to review the legislative history of the Wage Payment Collection Law to further determine the purposes underlying the law. Unfortunately, there are no substantive remarks included in the history of this law which would instruct this court.

*change*, 603 F.Supp. 877 (E.D.Pa.1985). In *Teamsters* the district court awarded attorney's fees to plaintiffs who had previously received past due wages from the defendant, despite the trial court's finding that the defendants had acted in good faith and that the plaintiffs were, therefore, not entitled to liquidated damages. Although the court's award of attorney's fees in *Teamsters* primarily involved the application of § 502(g)(2) of the Employee Retirement Income Security Act (ERISA), it also relied upon the application of the Pennsylvania Wage Payment Collection Law. *Id.* at 880 (citing Pa.Stat.Ann. tit. 43 § 260.3(b) and 260.9a(f) (Purdon Supp.1984–85)). The court noted the following:

> Moreover, since plaintiffs have also brought suit under the WPCL, they are similarly entitled to judgment as a matter of law as to the unpaid contributions and reasonable attorney's fees under state law.

*Teamsters*, 603 F.Supp. at 880.

Contrary to the position taken by the defendants, the court indicated that the WPCL was a valid alternative basis for liability.[6]

When we consider both the statutory purpose of the WPCL, and the limited case law interpreting that provision, it is clear that the award of attorney's fees under that statute should not be conditioned upon a finding of bad faith on behalf of the defendant. Therefore, we reverse the district court's holding, and remand for a determination of the proper amount of the attorney's fee award.

### III.

■ We must also determine whether plaintiffs properly pled their request for attorney's fees in accordance with the applicable procedural rules. The appellants here contest the district court's determination in its order denying the motion to alter or amend that they chose to proceed under the common law for the actual amounts due them and only invoked the WPCL for the purpose of claiming liquidated damages. The district court reasoned that since the WPCL contained a provision for attorney's fees, and under the common law the parties must bear their own costs, plaintiffs who were awarded common law damages only, and were denied any claim for liquidated damages under the WPCL, were barred from seeking attorney's fees under the WPCL. App. at 70–71. The appellants here argue that the district court erred in its determination that plaintiff invoked the WPCL solely for the purpose of claiming liquidated damages. Upon review, we find that the Pennsylvania WPCL contains both a civil remedies provision (43 Pa.Stat.Ann. § 260.9a) and a provision for liquidated damages (43 Pa.Stat.Ann. § 260.10). We also find that the appellant, in his original and amended complaints, properly invoked each of these provisions of the WPCL in accordance with the rules of pleading.[7] Accordingly, we reverse the district court's holding.

■ Second, appellees contend that the plaintiff's petition for attorney's fees was not accompanied by a brief in support of such petition as required by Rule 20(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Since this issue was not raised below, we need not address it here. Further, there is no indi-

---

**6.** The appellee here notes that *Teamsters* is distinguishable because it involved an interpretation of ERISA, as noted above, and under ERISA the award of liquidated damages or attorney's fees is not conditioned on the absence of a good faith dispute.

Therefore, once Judge Green decided that the employer contributions were due and owing, an award of liquidated damages *and* attorneys' fees was *automatic* under ERISA, regardless of whether the employer acted in good faith or bad faith.

Appellee's Br. at 17.

**7.** Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. As the Supreme Court noted in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), Rule 8 basically requires that a pleading provide sufficient notice to the defendant of the type of litigation that this involved. In the case at bar, the Amended Complaint clearly alleges that the defendant/appellee was in violation of the WPCL by failing to pay wages, and that plaintiff was entitled to attorney's fees as a result of this violation. App. at 108–114.

cation that the trial judge based his determination on the ground that appellee now raises. However, on the merits, plaintiffs' petition for attorney's fees briefly states the legal basis for the petition (i.e. the WPCL), and subsequently outlines the fees requested. This appears to be sufficient under Local Rule 20(c).

### IV.

In conclusion, we hold that the finding of a good faith dispute between an employee and employer does not preclude an award of reasonable attorney's fees and costs under the WPCL for an employee who has already prevailed on her claim for past due wages. Based upon the foregoing, the judgment of the trial court is reversed and the case is remanded for a determination of the amount of attorney's fees to which the plaintiffs are entitled. All proper costs and fees related to this appeal and in the litigation before the trial court must be imposed against the appellee.