J-A10031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: L.G., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: MATTHEW AND LUANN | : | |
| GAIN | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2844 EDA 2018 |

Appeal from the Order Dated August 13, 2018
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  1512-1598

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

CONCURRING STATEMENT BY LAZARUS, J.:          **FILED JULY 25, 2019**

I fully concur with the rationale of the Majority and the result it reached. I write separately simply to emphasize that the notice requirements set forth in Pa.O.C.R. 2.5 are mandatory and must be strictly adhered to as a prerequisite to the confirmation of any account.

Notice and the opportunity to be heard are fundamental concepts of due process.  In the Orphans' Court, notice of account proceedings to interested parties was previously governed by Rule 6.3, which required, in relevant part, as follows:

> The notice shall state the date, time and place of the audit to the extent then known; shall also state the last day to file objections to the account in counties where the local rules require written objections; and shall include a copy of the statement of proposed distribution in counties where accounts are not audited in open court.

Pa.O.C.R. 6.3, rescinded effective Sept. 1, 2016 (emphasis added).

In 2015, our Supreme Court adopted Rule 2.5, effective September 1, 2016, which replaced and substantially expanded upon Rule 6.3. As a result, the written notice to interested parties in an account proceeding must now include not only the date, time, and place of the audit <u>to the extent then known</u>, but must also advise interested parties that, "[i]f an audit is to be held and the time and place of the audit is not known at the time the notice is mailed, <u>the notice shall state that the time and place of the audit will be provided upon request</u>." Pa.O.C.R. 2.5(d). This additional mandate ensures that interested parties, who may or may not be represented by counsel, have access to all logistical information necessary to enable them to preserve their rights at audit, even if that information is not yet available at the time notice is sent. By definition, "shall" is mandatory, ***Oberneder v. Link Computer Corp.***, 696 A.2d 148, 150 (Pa. 1997), and the addition of this new language highlights the mandatory, and not permissive, nature of the written notice requirement.

Judge Ott joins this Concurring Statement.