**COALITION TO SAVE OUR KIDS,**
**Sunnyside Up Corporation and**
**Kathryn Longer, Petitioners,**

v.

**DEPARTMENT OF PUBLIC WEL-FARE FOR the COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.
Decided Jan. 26, 2000.

J. Dwight Yoder, Lancaster, for petitioners.

Howard Ulan, Harrisburg, for respondent.

Matthew J. Créme, Jr., Lancaster, for intervenor, Bd. of Com'rs of the County of Lancaster.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

McGINLEY, Judge.

Coalition to Save our Kids, Sunnyside Up Corporation and Kathryn Longer (collectively, Petitioners) move for summary judgment in their action in this Court's original jurisdiction. Petitioners seek a declaratory judgment that dependent children[1] shall not be housed at a juvenile detention facility under the Act, reversal of the waiver granted by the Department of Public Welfare (DPW) enabling the County of Lancaster (County) to construct a twenty-five bed non–secure juvenile shelter program for dependent children as part of a juvenile detention facility and that the County be permanently enjoined from constructing or operating a shelter care[2] unit that is part of a juvenile detention facility.

DPW and the County seek a partial judgment on the pleadings because the issue of DPW's waiver of its Secure Detention Facility Regulations, 55 Pa.Code § 3760.1(a), is moot because that regulation was rescinded.

The County desires to build a new juvenile detention facility in the City of Lancaster to replace a facility located in Lancaster Township. The planned detention facility calls for 144 secure beds covering 100,000 square feet. The County alleges that the facility will provide secure detention to juveniles under arrest and awaiting court action and to juveniles who are adjudicated delinquent and awaiting placement in a treatment facility. The planned facility is to be a keyless facility that will be computer controlled and monitored. Central services, such as a cafeteria, recreational space, classrooms and other support areas, will surround the center. Six pods containing beds and bathrooms are to be located around the center. The County wants to place dependent children in need of shelter care in one of these housing pods.

On June 17, 1997, the County applied to DPW for a waiver of the prohibition of housing delinquent[3] and dependent children in the same building. Section 3760.1(a) of the Secure Detention Facility Regulations, 55 Pa.Code § 3760.1(a) and Section 3810.4 of the Residential Child Care Facility Regulations, 55 Pa.Code § 3810.4. The County intends to keep the bedroom pod and the dependent children segregated from the delinquent children, but the cafeteria, courtyard and other common areas will be used by both, although the County stated in its application and in an answer to one of the Petitioners' interrogatories that it will try to coordinate when children in shelter care may use other parts of the juvenile detention facility. On September 26, 1997, DPW granted the County's request for a waiver of Section 3760.1(a) which it determined was the only regulation that required a waiver.[4]

---

1. The term "Dependent Child" as defined in Section 6302 of the Juvenile Act (Act), 42 Pa.C.S. § 6302, means a child who is lacking proper parental care, who is habitually truant from school, who is habitually disobedient and ungovernable, or who has committed a delinquent act when under the age of ten.

2. Shelter care is defined in Section 6302 of the Act, 42 Pa.C.S. § 6302, as "[T]emporary care of a child in physically unrestricted facilities."

3. A "Delinquent child" as defined in Section 6302 of the Act, 42 Pa.C.S. § 6302, is a child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation. The term "Delinquent act" does not include murder, most first degree felonies where the child was fifteen years of age or older and a deadly weapon was involved, most first degree felonies where the child was fifteen years of age or older and has been previously adjudicated delinquent, a summary offense where the child complies with the sentence of such offense, and a crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense.

4. This regulation was rescinded effective October 26, 1999.

Petitioners' action in this Court named DPW as respondent. On June 12, 1999, this Court granted the County's motion to intervene. On August 2, 1999, this Court overruled the preliminary objections of both DPW and the County. On September 24, 1999, Petitioners moved for a preliminary injunction to prevent the County from awarding any bid for a new juvenile detention facility. On November 4, 1999, this Court denied the motion. On November 15, 1999, DPW moved for partial judgment on the pleadings because the regulation which required a waiver by DPW was rescinded. The County joined this motion.

Petitioners contend that summary judgment must be granted because the County's new juvenile detention facility shall not house both delinquent children and dependent children in need of shelter even if the dependent children are kept separate at all times under the Act[5]. According to Petitioners it is of no consequence that the dependent children and the delinquent children will be housed in different areas or pods as the County asserts. The County and the DPW, on the other hand, contend that the conditions they describe will not violate the Act. The County and DPW recognize the Act prohibits the confinement of dependent children in an institution or facility designed or operated for the benefit of delinquent children, but they argue the Act does not prohibit housing such children in the same building if they are segregated because more than one facility may be located in one building.

The Statutory Construction Act provides a guide as to how to properly construe a statute. Section 1921 of the Statutory Construction Act, 1 Pa.C.S. § 1921(a) and (b), provides:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Further, Section 1903 of the Statutory Construction Act, 1 Pa.C.S. § 1903, states:

Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

Section 6351 of the Act states that dependent children "shall" not be committed to or confined in an institution or other facility designed or operated for the benefit of delinquent children. Our Pennsylvania Supreme Court has stated, "By definition, 'shall' is mandatory." *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 205, 696 A.2d 148, 150 (1997).

■ Clearly, the General Assembly has directed that dependent children are not to be housed in the same institution or facility with delinquent children. Therefore, the remaining question for our determination is whether to construe the terms "institution" and "facility" in the manner DPW and the County suggest. These terms are not defined in the Act and, therefore, must be given their common meanings. One of the definitions of "institution" contained in *Webster's Third New International Dictionary* is "a building or the buildings occupied or used by such organization"[6]. The word "facility" is de-

5. Section 6351 of the Act, 42 Pa.C.S. § 6351, addresses the disposition of dependent children. Specifically, Section 6351(c), Limitation on confinement, provides: "Unless a child found to be dependent is found also to be delinquent he shall not be committed to or confined in an institution or other facility designed or operated for the benefit of delinquent children."

6. The word "organization" refers to another definition of "institution" as "an establish-

fined in the same dictionary as "something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end." These definitions are not consistent with the definitions that DPW and the County urge upon us. There is nothing in the Act or included within these terms to authorize housing the separate facilities in one building. The definitions, while not mirror images, are similar enough that we must reject the arguments of DPW and the County. We agree with Petitioners that under Section 6351(c) of the Act dependent and delinquent children must not be housed in the same building regardless of the allegation that the children will be segregated.[7]

The object of all interpretation and construction of a statute is to ascertain the intent of the General Assembly. We must note the principal purpose of the Act is "[T]o provide for the care, protection, safety and wholesome mental and physical development of children coming within the provisions of this chapter." 42 Pa.C.S. § 6301(b)(1.1). Given that stated purpose we agree with the Petitioners that this goal requires that dependent children not be housed in a facility designed for and primarily occupied by delinquent children, regardless of the degree of vigilance.

The following conditions support entry of a summary judgment:

(1) whenever there is no genuine issue of any material fact as to a necessary

element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R.C.P. No. 1035.2.

Here, Petitioners have established that they are entitled to summary judgment.

■■■ Next, DPW and the County seek a partial judgment on the pleadings regarding the waiver of DPW regulation, 55 Pa.Code 3760.1(a), because the regulation was rescinded effective October 26, 1999. Therefore, DPW and the County assert that any question concerning the validity of the waiver of the rescinded regulation is now moot. A motion for judgment on the pleadings in this Court's original jurisdiction is in the nature of a demurrer and all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted may be considered against him. The court may only consider the pleadings themselves and any documents attached thereto. *Pennsylvania Prison Society v. Commonwealth of Pennsylvania*, 727 A.2d 632, 633 (Pa. Cmwlth.1999).

---

ment or foundation especially of a public character."

7. We acknowledge that Section 6327(e) of the Act, 42 Pa.C.S. § 6327(e), provides:
    [A] child alleged to be dependent may be detained or placed only in a Department of Public Welfare approved shelter care facility as stated in subsection (a)(1), (2) and (4), and shall not be detained in a jail or other facility intended or used for the detention of adults charged with criminal offenses, but may be detained in the same shelter care facilities with alleged delinquent children. However, we note that the General Assembly specifically used the term, "alleged delinquent

children" as opposed to the term "delinquent children" in Section 6351(c). This is a significant and material difference because an alleged delinquent is yet to be found by a court to have committed a delinquent act. Also, Section 6327(a)(3) refers to "a detention home, camp, center or other facility for delinquent children which is under the direction or supervision of the court or other public authority or private agency, and is approved by the Department of Public Welfare." This type of facility is specifically excluded from the type of facility that houses dependent children described in Section 6327(e).

Here, it is clear that the regulation has been rescinded. Petitioners argue that this Court has already disposed of the mootness issue by preliminary objection. However, the preliminary objection was decided before the effective date of the rescission. As the regulation was rescinded effective October 26, 1999, there is no reason why the waiver issue is not now moot.

Accordingly, we grant Petitioners' motion for summary judgment insofar as dependent children shall not be housed in a juvenile detention facility under the Act and the County is hereby enjoined from housing dependent children in a juvenile detention facility. With respect to the issue regarding DPW's grant of a waiver, the County and DPW's motion for partial judgment on the pleadings is granted.

### ORDER

AND NOW, this 26th day of January, 2000, the motion for summary judgment of the Coalition to Save our Kids, Sunnyside Up Corporation and Kathryn Longer is granted insofar as this Court hereby declares that dependent children shall not be housed in the same facility with delinquent children and that the County of Lancaster be and is hereby permanently enjoined from housing dependent children in a juvenile detention facility. The motion for partial judgment on the pleadings by the Department of Public Welfare and the County of Lancaster is granted and the issue of the Department of Public Welfare's grant of a waiver from the requirements of 55 Pa.Code § 3760.1(a) is dismissed as moot.