J-E01005-24

2024 PA Super 223

| | | |
|---|---|---|
| MARCELO AITA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NCB MANAGEMENT SERVICES, INC. | : | |
| | : | |
| Appellant | : | No. 510 EDA 2022 |

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2019-00981

| | | |
|---|---|---|
| MARCELO AITA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NCB MANAGEMENT SERVICES, INC. | : | No. 615 EDA 2022 |

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2019-00981

BEFORE: LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN,
J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

OPINION BY KING, J.:                          **FILED SEPTEMBER 26, 2024**

Appellant, NCB Management Services, Inc. ("NCB"), and Cross-Appellant, Marcelo Aita ("Aita"), appeal from the order entered in the Bucks County Court of Common Pleas, which denied NCB's motion for summary judgment, granted Aita's cross-motion for summary judgment, and awarded Aita $60,000.00 in liquidated damages under the Wage Payment and

Collection Law ("WPCL").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. From June 9, 2008, until July 18, 2017, Aita was employed by NCB as its Chief Executive Officer.  On December 29, 2014, the parties entered into a Private Sale Bonus Agreement ("Agreement").  Per the Agreement, NCB would provide Aita bonuses, including a retention bonus of $60,000.00 per month beginning on the first regular payroll date of January 2015 and continuing for seventeen (17) months thereafter, totaling $1,080,000.00 ("Retention Bonus"), so long as Aita remained with and provided services to NCB during each month preceding each installment payment.  NCB timely paid Aita the monthly Retention Bonus installments under the terms of the Agreement from January 2015 to July 2015.  Nevertheless, NCB failed to pay the remaining Retention Bonus installments in a timely manner due to cash flow problems. In July 2017, NCB paid Aita all but one of the unpaid Retention Bonus installments per the Agreement in one lump sum, totaling $660,000.00, plus 6% interest.[2]  In October 2017, NCB paid Aita the final Retention Bonus installment of $60,000.00, plus 6% interest.

_____

[1] **See** 43 P.S. §§ 260.1-260.45.

[2] The Agreement did not provide for a specific rate of interest.  Thus, NCB applied the general legal rate of interest defined in 41 P.S. § 202 (providing that reference in legal document "to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum").

On February 13, 2019, Aita filed a complaint against NCB for breach of employment contract and a violation of the WPCL, seeking compensatory damages, liquidated damages, and attorneys' fees. NCB filed preliminary objections on March 5, 2019, which the trial court sustained as to Aita's breach of contract claim. The trial court overruled NCB's preliminary objections with respect to Aita's WPCL claim.

On March 8, 2021, NCB filed a motion for summary judgment, claiming that because it ultimately made all bonus payments **before** Aita had filed the complaint, Aita could not recover under the WPCL. According to NCB, Aita could not maintain a cause of action under the WPCL because Aita no longer had wages[3] that were "payable" at the time he filed suit. Aita responded and filed a cross-motion for summary judgment on April 7, 2021, seeking $180,000.00 in liquidated damages under the WPCL.[4]

The court heard argument on August 4, 2021 and took the matter under advisement. By order filed on January 21, 2022, the court denied NCB's motion for summary judgment. The court granted Aita's cross-motion for summary judgment for liquidated damages, but in the amount of $60,000.00

---

[3] The parties do not dispute that bonuses constitute wages for purposes of the WPCL. **See** 43 P.S. § 260.2a.

[4] This amount represented 25% of the total of the bonus payments made to Aita in July and October 2017 ($720,000.00), in accordance with the WPCL, which provides for liquidated damages in the amount of 25% of wages that are not paid over 30 days past the regular pay date. **See** 43 P.S. § 260.10.

rather than the $180,000.00 that Aita sought. The court reasoned that some of the late payments fell outside of the WPCL's three-year statute of limitations.

NCB timely filed a notice of appeal on February 18, 2022, and Aita timely filed a cross-appeal. On March 2, 2022, the court ordered the parties to file concise statements of errors complained of on appeal per Pa.R.A.P. 1925(b). Both NCB and Aita filed their respective Rule 1925(b) statements on March 18, 2022.

On May 15, 2023, a three-judge panel of this Court affirmed the trial court's order, with one dissent. The parties subsequently filed applications for reargument. On July 21, 2023, this Court granted *en banc* reargument and withdrew the three-judge panel decision. Thereafter, the parties filed substituted briefs for this Court's *en banc* review.

NCB raises the following issues on appeal:

> Whether the trial court correctly found that an employee can maintain a cause of action under the Pennsylvania [WPCL] for liquidated damages when no wages were owed to him by his employer at the time that he filed his Complaint.
>
> Whether the trial court correctly found than an employee can maintain an action under the WPCL when he has no contractual right to wages.
>
> Whether the trial court correctly found than an employee who is owed no wages by his employer is in the class of persons protected by the civil remedies and penalties section of the WPCL?

(NCB's Substituted Brief at 3).

Aita raises the following issue in his cross-appeal:

> Whether the acknowledgement doctrine resets the statute of limitations under the WPCL where NCB made a partial payment of bonuses due under the WPCL and where NCB admits that the payment represented unpaid bonuses.

(Aita's Substituted Brief at 14).

Our standard of review of an order granting summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shellenberger v. Kreider Farms***, 288 A.3d 898, 905 (Pa.Super. 2023) (internal citations and quotation marks omitted). Further:

> Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.
>
> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment

should be denied.

*Id.* at 905-06 (internal citations and quotation marks omitted).

For purposes of disposition, we combine NCB's issues. NCB argues that the WPCL only provides a cause of action to an aggrieved party who is owed wages. NCB asserts that the statutory language is clear and unambiguous that an aggrieved employee must be owed wages to avail himself of the remedies provided by the WPCL. NCB maintains that the purpose of the WPCL is to provide aggrieved employees a vehicle to collect unpaid wages from their employer and to make such employees whole. Because NCB ultimately paid all outstanding wages before Aita filed suit, NCB contends that he was already made whole. NCB insists that the court's liquidated damages award of $60,000.00 provided a windfall to Aita. In other words, NCB posits that Aita was allowed to recover liquidated damages when he could not and did not allege that he suffered any wage loss at the time he filed his complaint. NCB concludes that the court erred by granting Aita summary judgment, and this Court must reverse and remand for entry of summary judgment in NCB's favor. We disagree.

To begin, the Pennsylvania legislature's purpose in passing the WPCL was, *inter alia*, "to provide an employee with a statutory remedy for an employer's **breach of its contractual obligation** to remit wages." *Laborers Combined Funds of Western Pa. v. Mattei*, 518 A.2d 1296, 1298 (Pa.Super. 1986) (emphasis in original). "The policy of the statute is to aid

an employe[e] in the prompt collection of compensation due him and to discourage an employer from using a position of economic superiority as a lever to dissuade an employe[e] from promptly collecting his agreed compensation…[.]" ***Ressler v. Jones Motor Co.***, 487 A.2d 424, 429 (Pa.Super. 1985) (internal citation omitted).  Consistent with this purpose, the WPCL provides a statutory remedy to ensure that employees are paid on their regular payday and, if not timely paid, to make them whole by penalizing employers who fail to pay regular wages without good cause.[5]  "The question of liability under the [WPCL] is to be gleaned from a perusal of the [statute] as whole, and, in this effort, we seek to effectuate the intention and purpose of the Legislature by its passage…." ***Mattei, supra***.  As such, the civil provisions of the WPCL must be liberally construed to effectuate their remedial purpose and to "promote justice." ***See*** 1 Pa.C.S.A. § 1928(c). ***See also Braun v. Wal-Mart Stores, Inc.***, 24 A.3d 875, 960 (Pa.Super. 2011), *cert. denied*, 578 U.S. 905, 136 S.Ct. 1512, 194 L.Ed.2d 602 (2016) (acknowledging our mandate to construe WPCL liberally).

Against this backdrop, the statutory language reinforces the WPCL's purpose.  First, the WPCL requires that all wages be paid on an employee's

---

[5] "[T]he right to recover wages 'earned' by employees upon separation from employment under the WPCL is a statutory remedy which **supplements** rather than **supplants** a common law action for breach of contract." ***Andrews v. Cross Atl. Cap. Partners, Inc.***, 158 A.3d 123, 133-34 (Pa.Super. 2017) (*en banc*), *appeal denied*, 643 Pa. 99, 172 A.3d 584 (2017) (emphasis in original).

"[r]egular payday," stating:

> **§ 260.3. Regular payday**
>
> (a) … Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employe[e]s on **regular paydays** designated in advance by the employer. …   All wages, other than fringe benefits and wage supplements, earned in any pay period shall be **due and payable** within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period.  …

43 P.S. § 260.3(a) (emphasis added).  Although the WPCL does not define the term "payable" (**see** 43 P.S. § 260.2a), "payable" as used in this section plainly refers to when wages are "due." **See Black's Law Dictionary** (11th ed. 2019) (defining "due and payable" (of a debt) as "owed and subject to immediate collection because a specified date has arrived or time has elapsed, or some other condition for collectability has been met").

Second, the WPCL entitles an employee to collect liquidated damages when the employer fails to make payment on an employee's regular payday, *i.e.*, when wages are payable and not paid within the grace paid.  **See** 43 P.S. § 260.10 (stating: "Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe[e] of a proper claim … and no good faith contest or dispute of any wage claim … exists accounting for such non-payment, the employe[e] shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent

(25%) of the total amount of wages due, or five hundred dollars ($500),
whichever is greater"). Thus, if an employer fails to pay wages within the
applicable period, an amount equal to 25% of total wages due or $500.00,
whichever is greater, is automatically added to the wages that were payable
at the regularly scheduled payday, unless an employer has a good-faith
defense. "Section 260.10 is intended to be a disincentive or penalty for
employers to withhold wages in bad faith." ***Andrews, supra*** at 136. This
section applies regardless of whether the employer ultimately pays the wages
owed to the employee, because the liquidated damages are statutorily
imposed once wages remain unpaid for thirty days beyond the scheduled
payday, and no good faith dispute exists over the claim.

Third, the General Assembly considered the failure to pay an employee
on the regular payday so egregious, that it also provided for a criminal
penalty:

### § 260.11a. Criminal penalties

(a) The secretary or any employe[e], group of employe[e]s,
labor organization or party to whom any type of wages is
payable may institute prosecutions under this act.

(b) In addition to any other penalty or punishment otherwise
prescribed by law, any employer who violates any provisions
of this act shall be guilty of a summary offense and, upon
conviction thereof, shall be punished by a fine of not more
than three hundred dollar ($300), or by imprisonment up to
90 days, or by both, for each offense. The good faith contest
or dispute by any employer of any wage claim or the good
faith assertion of a right of set-off or counter-claim shall not
be considered a violation of this act: Provided, That the
employer has paid all wages due in excess of the amount in

dispute or asserted to be subject to a right of set-off or counter-claim. Nonpayment of wages to, on account of, or for the benefit of each individual employe[e] shall constitute a separate offense.

(c) Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each by guilty of such summary offense.

(d) All fines or penalties collected under this act shall be paid into the State Treasury through the Department of Revenue to the credit of the General Fund.

43 P.S. § 260.11a.

Fourth, the WPCL allows for the imposition of counsel fees to an employee who prevails on a claim. *See* 43 P.S. § 260.9a(f) (stating: "The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant"). The "award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is mandatory," because it "promotes the statute's purpose to protect employees when employers breach a contractual obligation to pay wages." *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 206, 696 A.2d 148, 151 (1997).

We further note that the WPCL provides that "[a]n employe[e] or group of employe[e]s, labor organization or party to whom any type of wages is payable may institute actions provided under the act." 43 P.S. § 260.9a(a).

To summarize, the WPCL requires that an employer pay wages on an employee's regular payday, subjects an employer who fails to pay on that date

to criminal penalties, and if not paid within the grace period provided by statute absent a good-faith defense, imposes liquidated damages against the employer as well as reasonable attorneys' fees expended in pursuing the claim. ***See*** 43 P.S. §§ 260.3(a); 260.11a; 260.10; and 260.9a(f).

Instantly, in ruling on the parties' cross-motions for summary judgment, the trial court explained:

> The untimely payments well exceeded both the expiration of the pay period as provided in the Agreement for payment of wages and the ten (10) day requirement of the employer to pay wage supplements under the WPCL. Therefore, the withholding and nonpayment of said payments beyond the WPCL's allowable time frames is a proper basis for Aita to assert a cause of action under the WPCL.
>
> Once a contractual basis to compensation is established, a Plaintiff has a right to assert a cause of action for liquidated damages if said wages or wage supplements remain unpaid for a period of time.
>
> \* \* \*
>
> This [c]ourt did not err in allowing Aita's liquidated damages claim without a claim for unpaid wages. As discussed above, Aita did have a claim for unpaid wages immediately following the WPCL's allowable period of time of delayed Bonus Retention installment payments. Still, said payments were at least thirteen months late, and well exceeded any thirty- or sixty-day allowable delay.

(Trial Court Opinion, filed 5/19/22, at 8-9, 12-13).

We agree with the court's ruling. We reiterate that an employee "to whom any type of wages is payable may institute" an action under the WPCL. ***See*** 43 P.S. § 260.9a(a). Thus, "payable" as used in this section and consistent with the statute's purpose, means when a monetary obligation

- 11 -

becomes due or is required to be paid. Such an interpretation is consistent with other definitions of "payable" in Black's Law Dictionary. **See** Payable, Black's Law Dictionary (11th ed. 2019) (including, *inter alia*, definitions of payable such as "[o]f a sum of money or a negotiable instrument that is to be paid"). Consequently, within the meaning of Section 260.9a(a), an employee "to whom any type of wages is payable" means that an employee is payable on his or her regular payday, *i.e.*, once the grace period has expired, and an action can be maintained for liquidated damages thereafter. This interpretation is in accord with the General Assembly's intent to fix a date when payment must be made and penalize employers for failure to do so. Thus, the WPCL provides for liquidated damages even if the wages are paid outside the grace period to further the statutory objective of ensuring that employees are paid on their regular payday. **See Andrews, supra**.

NCB argues (and our colleagues in the dissent agree) that if the employer ultimately pays the wages owed to an employee prior to the employee filing a WPCL action, the employee loses the remedy of liquidated damages regardless of the employer's violation of the WPCL. Essentially, this interpretation renders the grace period under the statute a mere suggestion rather than a fixed date by which liquidated damages can be imposed. Further, this interpretation effectively amends the statutory grace period by extending it to the day before an employee files suit. In this scenario, an employer could drag its feet for months and escape liability for liquidated

damages by finally paying the employee's due and payable wages just before the employee files suit. Such an outcome would be in direct contravention of the purpose of the WPCL, which is to protect employees when employers breach a contractual obligation to pay wages.[6] **See Oberneder, supra**; **Mattei, supra**; **Ressler, supra**.

Furthermore, the WPCL permits a separate claim for liquidated damages independent of a claim for unpaid wages. The statute provides:

> No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of **unpaid wages or liquidated damages** more than three years after the day on which such wages were due and payable as provided in [43 P.S. §§ 260.3 and 260.5].

43 P.S. § 260.9a(g) (emphasis added). The use of "or" in this provision carries its ordinary disjunctive meaning, indicating that an employee may bring a claim for liquidated damages without seeking unpaid wages, or *vice versa*. **See also Braun, supra** at 960 (explaining that word "or" is disjunctive and word "and" is conjunctive when interpreting Section 260.10 of WPCL

---

[6] The parties each cite to **Yablonski v. Keevican Weiss Bauerle & Hirsch LLC**, 197 A.3d 1234 (Pa.Super. 2018), *appeal denied*, 654 Pa. 424, 215 A.3d 562 (2019), to support their respective positions on appeal. Nevertheless, **Yablonksi** was concerned with **only the calculation of liquidated damages**, where the employer had claimed on appeal that the amount of liquidated damages entered in favor of the employee should be reduced based on the employer's partial payment of wages owed during the pendency of litigation. The **Yablonski** Court was not tasked with analyzing, and did not analyze, whether the employee could have brought a claim for liquidated damages if the employer had made all belated wage payments owed prior to commencement of the litigation. Thus, **Yablonski** does little to resolve the issue in this appeal.

concerning liquidated damages).

Indeed, at least one federal district court in Pennsylvania has permitted a standalone claim for liquidated damages to proceed to trial, where the employer had paid all wages owed prior to the commencement of the action. *See Bair v. Purcell*, No. 1:04-CV-1357, 2010 WL 3282653 (M.D.Pa. Aug. 17, 2010). More recently, another federal district court in Pennsylvania permitted a standalone claim for liquidated damages under the WPCL to survive a motion to dismiss. *See Endo Pharmaceuticals Inc. v. Fryer*, No. 17-2245, 2020 WL 4748296 at *4 (E.D.Pa. Aug. 17, 2020) (denying employer's motion to dismiss employee's counterclaim under WPCL for paid time off ("PTO") wages; stating "[a]lthough [employer] did pay [employee's] PTO 'with interest,' [employee] claims it did not do so until over nineteen months later—far after the 60-day period had passed. Therefore, [employee] may still be entitled to liquidated damages and [employer's] Motion to Dismiss is **DENIED** with regards to the PTO payments in counterclaim count five") (emphasis in original).[7]

_____

[7] Although the employee in *Endo* had also asserted a counterclaim under the WPCL for severance pay (wages), the court granted the employer's motion to dismiss that counterclaim. *See id.* Thus, this case did not involve a scenario where the employee was seeking another type of unpaid wages in addition to liquidated damages. In other words, the court's disposition in *Endo* supports the notion that a standalone claim for liquidated damages is cognizable under the WPCL. To be sure, the procedural history in *Endo* confirms that the employee was terminated in January 2017, and she brought her counterclaims under the WPCL against her employer on March 18, 2019, in which the
*(Footnote Continued Next Page)*

- 14 -

Reading the relevant provisions of the WPCL together as a whole and with the purpose and liberal construction of the statute in mind (*see Braun, supra*; *Mattei, supra*), we hold that an employee can bring an action for liquidated damages under the WPCL regardless of whether the employer has paid all outstanding wages by the time legal action is commenced. Therefore, the trial court properly denied NCB's motion for summary judgment and granted Aita's cross-motion for summary judgment.

Turning to Aita's cross-appeal, Aita argues that the trial court erred in applying the three-year statute of limitations to reduce his liquidated damages from $180,000.00 to $60,000.00.[8] Aita claims that because NCB's July 2017 payment "acknowledged" the debt was owed, it reset the statute of limitations clock. We disagree.[9]

_____

employee admitted that her employer had **already paid** the PTO with interest, albeit 19 months late. ***See id.*** at *2, *4.

[8] The $180,000.00 Aita sought represented 25% of the $720,000.00 that NCB had belatedly paid after the grace period expired. Nevertheless, because Aita filed his complaint on February 13, 2019, the trial court found that any claim for liquidated damages related to bonus payments that became due and payable before February 13, 2016 fell outside the three-year statute of limitations. Thus, the court reduced the award of liquated damages to $60,000.00, representing 25% of the $240,000.00 that became due and payable after February 13, 2016 (reflecting the payments that became due and payable on March 1, 2016, April 1, 2016, May 1, 2016, and June 1, 2016, all of which were paid late).

[9] In its opinion, the trial court notes that Aita failed to serve his Rule 1925(b) statement on the trial judge in accordance with the court's order. Although the court's Rule 1925(b) order directed Aita to "serve upon the undersigned"
*(Footnote Continued Next Page)*

- 15 -

As previously mentioned, the WPCL has a three-year statute of limitations. *See* 43 P.S. § 260.9a(g). Nevertheless, "the 'acknowledgement doctrine' provides that a statute of limitations may be tolled or its bar removed by a promise to pay the debt." *S.T. Hudson Engineers, Inc. v. Camden Hotel Development Associates*, 747 A.2d 931, 934 (Pa.Super. 2000) (holding appellee's claim was not barred by statute of limitations where appellants had acknowledged that debt was owed, promised to pay its debt to appellee, and appellee relied on such; in reliance on appellants' promise to pay, appellee agreed to wait until appellants received certain settlement funds; nevertheless, appellants failed to remit payment of amount due despite receipt of funds from which it had promised to pay appellee; therefore, appellee was not on notice of any breach of appellants' promise until appellants denied payment after receiving funds from its settlement).

Significantly, we must interpret the "acknowledgment doctrine" strictly. *Huntingdon Finance Corp. v. Newtown Artesian Water Co.*, 659 A.2d 1052, 1054 (Pa.Super. 1995). Thus:

> A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation, such as is consistent with a

_____

his Rule 1925(b) statement no later than 21 days from date of order, the trial court's order also failed to comply with our Rules of Appellate Procedure by specifying the place Aita could serve the statement in person and the address to which Aita could mail the statement. *See* Pa.R.A.P. 1925(b)(3)(iii). Thus, we decline to find waiver of Aita's issue on this ground and address the merits of Aita's cross-appeal. *See Commonwealth v. Jones*, 193 A.3d 957 (Pa.Super. 2018) (declining to waive issue for failure to serve trial judge with Rule 1925(b) statement where trial court's Rule 1925(b) order was deficient).

promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgment **or in the identification of the debt; and the acknowledgment must be plainly referable to the very debt upon which the action is based**; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

\* \* \*

The acknowledgment doctrine serves a very useful purpose to both parties in that the creditor receives payment on a debt that would otherwise be unenforceable and the debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists, thereby bolstering the credibility of its business. To accept appellant's position, debtors would be discouraged from acknowledging debts because of the corresponding interest payments, which in some instances could exceed the principal. The four-year statute of limitations [applicable in this case] serves to protect individuals from suffering the continuing anxiety over the possibility of the commencement of an action against them in the future. Because this acknowledgment doctrine removes the protection of the statute of limitations, the acknowledgment must be patently clear and distinct and free from ambiguity.

*Id.* at 1054-55 (citation omitted) (emphasis added) (holding appellee unquestionably acknowledged its obligation with respect to principal of debt; there can be no more clear and unequivocal acknowledgment of debt than actual payment, thus removing statute of limitations with respect to principal; however, this acknowledgment does not extend to corresponding interest on underlying debt; appellant does not cite to any place in record where appellee acknowledged duty to pay contested interest; appellee's payment was exact

- 17 -

amount of principal owed; thus, appellee's payment of principal cannot be construed as promise to also pay interest when appellee never acknowledged such duty).

Instantly, the trial court explained its decision to award Aita $60,000.00 in liquidated damages instead of the amount Aita sought as follows:

> [T]he three-year limit attached to each first regular payroll date from January 2015 and each regular payroll date for seventeen months thereafter. Aita filed the Complaint, commencing legal action, on February 13, 2019. Any Retention Bonus installment payment which became due and payable before February 13, 2016, was therefore, outside the statute of limitations.
>
> *    *    *
>
> NCB's final payments did not constitute a partial payment so as to infer a promise to pay liquidated damages. Aita does not cite to any place in the record where NCB acknowledged a duty to pay liquidated damages. Further, Aita's position is a contravention of public policy. The acknowledgment doctrine serves a very useful purpose to both parties in that the creditor receives payment on a debt that would otherwise be unenforceable and the debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists, thereby bolstering the credibility of its business. To allow the tolling, employer debtors would be discouraged from acknowledging wages owed because of other corresponding interest or, in this case, liquidated damages.

(Trial Court Opinion at 14-16) (internal citations omitted).

We agree with the trial court's rationale. While there is no dispute that NCB "acknowledged" the debt for the unpaid bonuses by virtue of the July 2017 payment, the trial court correctly found that Aita does not cite to any place in the record where NCB "acknowledged" a duty to pay liquidated

- 18 -

damages under the WPCL. (***See id.***) To the contrary, NCB has consistently contested any obligation to pay liquidated damages (***see, e.g.,*** Aita's Supplemental R.R. at 371b-376b) (providing July 2017 e-mail thread where NCB acknowledged obligation to pay bonuses and interest but expressly stated that it did not intend to pay 25% in liquidated damages), and as evidenced by this appeal. Aita has simply failed to show that NCB acknowledged any obligation to pay liquidated damages in a way that was "patently clear and distinct and free from ambiguity." ***See Huntingdon Finance Corp., supra***.[10] Because the trial court properly found that NCB did not acknowledge a debt for liquidated damages under the WPCL, we see no error in the court's denial of liquidated damages in the amount sought. Accordingly, we affirm.

Order affirmed.

---

[10] Aita argues that ***Huntingdon Finance Corp.*** is distinguishable because liquidated damages due under the WPCL are different from interest due in a breach of contract claim. (***See*** Aita's Substituted Brief at 18). Aita claims that, unlike interest, liquidated damages are not a separate component of the underlying debt. Rather, liquidated damages are due as a result of the breach of the WPCL. (***See id.*** at 18-19). Although we agree with Aita, in general, that interest and liquidated damages are not the same under the law and may have distinct purposes, we disagree with Aita that those differences are dispositive here. Just as the appellee in ***Huntingdon Finance Corp.*** acknowledged the obligation to pay the principal but not the interest, here, NCB acknowledged its obligation to pay Aita the unpaid bonuses and interest, but not any liquidated damages due thereon. ***See Huntingdon Finance Corp., supra***. Additionally, as the trial court observed, and as expressed in ***Huntingdon Finance Corp.***, Aita's position contravenes public policy. If plaintiffs are permitted to recover liquidated damages on claims otherwise barred by the three-year statute of limitations, it would discourage employers from acknowledging wages owed because of other corresponding payments of liquidated damages. ***See id.***

President Judge Lazarus, Judge Kunselman, Judge Nichols, and Judge Lane join the Opinion.

Judge Bowes files a Dissenting Opinion in which Judge Stabile, Judge Dubow and Judge Sullivan join.

Judge Sullivan files a Dissenting Opinion in which Judge Dubow joins.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024